## Solliday *versus* Johnson.

*Trespass maintained for taking Stone collected from the bed of a River.*

In an action for the value of a lot of paving-stones belonging to plaintiff, which had been carried away by the defendant, it is not a valid defence that they are the property of the state, because they were gathered out of the river Delaware.

ERROR to the Common Pleas of *Bucks county.*

John N. Solliday was sued in trespass in the court below by Elias Johnson, Brice M. Pursell, John Hann, Michael Buck, and Samuel Cooper, to recover the value of certain boulder paving-stones which were taken from the bed of the river Delaware by the plaintiffs, and placed on the wharf of William S. Heany, who was the tenant of defendant.

While the stones were on the wharf, proceedings were commenced under the Act of 1772 by Solliday to dispossess Heany, and on the 2d of November 1858 a writ of restitution was awarded and damages assessed for the detention of the premises. Under the writ which followed these proceedings, the stones were levied on by the deputy sheriff, advertised and sold as the property of Heany, by Solliday's directions. Notice of their claim was given by the plaintiffs before or at the sale. The stones were purchased by G. W. Closson, by whom they were taken to Philadelphia.

These several actions were then brought, and by consent of counsel were tried together. .

Under the charge of the court (SMYSER, J.), there were verdicts and judgments in favour of the plaintiffs in all the cases. Whereupon the defendant sued out this writ, and alleged as cause for reversal the following portions of the charge of the court below :—

"The defendant maintains that as the undisputed fact is that the plaintiffs took these stones out of the bottom of the river Delaware, a public navigable river, and have shown no title or license from the Commonwealth of Pennsylvania or the State of New Jersey to do so, the right to the property resided in one or the other of these states; and that therefore they cannot recover in these actions, because, as the counsel contend, their actual possession is not proven : And this principle is embodied in the third point presented by defendant for the court to charge on.

"We do not think this point is well taken, and refuse to charge the jury as in this point we are requested.

"These stones, lying at the bottom of the river, are of no value to the Commonwealth or to anybody. They derive their

[Solliday *v.* Johnson.]

value solely from the labour bestowed upon them in getting them to the surface and bringing them to market. It is the interest, as it has been the policy, of the Commonwealth to encourage and promote this species of enterprise and industry, so long as it interferes with no private right, such, for instance, as tearing up or injuring fisheries, &c. From a very early day she has acquiesced therein—and has even passed laws indirectly recognising the right of her citizens to pursue it—such, for instance, as the Act of 1859, appointing a measurer of stones of this character, regulating his fees, &c. At best, if an encroachment on the paramount right of the state, it is *damnum absque injuria.* The claim is unheard of before, in all our judicial history; it never has been, and I will venture to say, never will be asserted. The determination of this point renders it unimportant how the question of actual possession is settled by the jury."

*C. E. Dubois* and *S. L. Roberts,* for plaintiff in error, cited and relied on Carson *v.* Blazer, 2 Binn. 485; Shrunk *v.* The Schuylkill Navigation Co., 14 S. & R. 71; Zimmerman *v.* The Union Canal Co., 1 W. & S. 352; Naylor *v.* The Commonwealth, 7 Barr 201; Brandt *v.* McKeever, 6 Harris 70; Barclay Railroad Co. *v.* Ingham, 12 Casey.

*E. M. Lloyd* and *George Lear,* for defendants in error.

The opinion of the court was delivered, March 11th 1861, by
Lowrie, C. J.—The plaintiff below sued for a lot of paving-stones, and the defendant, who carried them off, denies his title to them, and asserts that they are the property of the state, because they were gathered out of the river Delaware. Such a defence is unprecedented, and therefore cannot be answered by any precedents in our reports. But, by the common practice of the country, it is very easily answered. It has never been considered as a trespass against the state to gather stone, gravel, and sand out of the bed of our public rivers, or to take fish, or ice, or drift-wood there, or to bathe in the public waters, or hunt game, or pasture cattle, or gather fallen wood, or make maple sugar in our public woods. The state allows all this, and never claims as her property, such private products of her public lands; and of course no invader of the private rights acquired in this manner, can be allowed to shield himself behind her unasserted rights. Most of the streets of our towns are paved with sand, and gravel, and stones, first appropriated by labouring men, and sold by them for paving, without any license specially granted by the state. Even private property does not receive the same degree of public protection where it is allowed to lie waste, as where it is carefully enclosed. And where the state has always

[Solliday *v*. Johnson.]

left any portion of the public domain, or of the materials to be found on it, open to appropriation as private property, it is not the duty of courts to forbid or defeat such appropriations. The defendant makes a claim for the state, which it has never made for itself, and it cannot be allowed.

Judgment affirmed.

Same judgment to be entered in the cases of Solliday *v*. Hann, Pursell, Buck and Cooper.